IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NYANIFY, INC. AND CHRISTOPHER ORLANDO TORRES,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | No.: 21-cv-2591<br><br>Judge Franklin U. Valderrama |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on Plaintiffs Nyanify, Inc. and Christopher Orlando Torres (collectively, "Nyanify's" or "Plaintiff's") Motion for Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the defendants corresponding to the aliases ("Defendant Aliases") or online marketplace accounts or profiles associated with the internet store URLs (the "Online Marketplace Accounts") in Schedule A to the Complaint and attached hereto, with the exception of those (if any) who have been dismissed from this lawsuit, (hereinafter, "Defendants").

THIS COURT HEREBY FINDS that is has personal jurisdiction over the Defendants based on Plaintiff's uncontested allegations that the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up

1

and operating ecommerce Internet stores and online marketplace accounts that target United States consumers using one or more Defendant Aliases through which Illinois residents can purchase products using infringing and counterfeit versions of the registered NYAN CAT trademarks and copyrighted 2-D artwork identified in the charts below (the "NYAN CAT Trademarks" and "Nyan Cat Works").

| REGISTRATION NUMBER | TRADEMARK | REGISTRATION DATE | GOODS AND SERVICES |
|---|---|---|---|
| 4376980 | NYAN CAT | July 30, 2013 | IC 009. US 021 023 026 036 038. G & S: Computer application software for use with mobile phones and portable media players, namely, software for manipulating a character through a series of challenges displayed on the device's screen or monitor.<br>IC 025. US 022 039. G & S: T-shirts * related to an Internet meme of an animated cat * |

| 4377351 | | July 30, 2013 | IC 009. US 021 023 026 036 038. G & S: Interactive video game programs; Spectacles; Sunglasses. IC 016. US 002 005 022 023 029 037 038 050. G & S: Decals; Halloween goodie bags of paper or plastic; Paper party decorations; Removable tattoos; Stickers. C 025. US 022 039. G & S: Boot accessories, namely, fitted decorative covers for boots; Costumes for use in children's dress up play; Gloves; Halloween costumes; Hats; Headwear; Shoe accessories, namely, fitted decorative covers for shoes; Shoes; T-shirts; Visors. IC 028. US 022 023 038 050. G & S: Children's dress up accessories, namely, toy helmets for play; Children's play cosmetics; Dolls and accessories therefor; Party favors in the nature of small toys; Plush toys; Stuffed and plush toys; Toy action figures and accessories therefor; Toy and novelty face masks; Toy armor; Toy weapons. |
| --- | --- | --- | --- |
| 4457316 | | December 31, 2013 | IC 014. US 002 027 028 050. G & S: Jewelry; Ornamental pins. |

| Copyright Registration Numbers | Copyright Information and Deposits |
| --- | --- |
| VA 1-798-668; VA 1-798-676; VAu 1-085-556; VAu 1-085-557; VA 1-798-670; VAu 1-085-560; VA 1-798-673; VA 1-839-405; VAu 1-115-641; VA 1-839-409; VAu 1-115-636; VAu 1-085-559; VA 1-798-672; VAu 1-085-563; VA 1-798-674; VA 1-798-675; VAu 1-114-946 and VAu 1-063-390 | See Complaint Exhibit 4 (D.I. 1-4) |

THIS COURT FURTHER FINDS that injunctive relief previously granted in the Temporary Restraining Order should remain in place through the pendency of this litigation and

3

that issuing this Preliminary Injunction without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate. In support of its previously granted Motion for Entry of a Temporary Restraining Order, Plaintiff presented specific facts in the Declaration of Christopher Orlando Torres, the Declaration of Matthew A. Werber and accompanying evidence showing that Plaintiff has demonstrated a likelihood of success on the merits; no remedy at law exists; and Plaintiff will suffer irreparable harm in the absence of a Preliminary Injunction.

Specifically, Plaintiff has proved a *prima facie* case of trademark infringement because (1) the NYAN CAT Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use any of the NYAN CAT Trademarks, and (3) Defendants' use of the NYAN CAT Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Furthermore, Defendants' continued and unauthorized use of the NYAN CAT Trademarks irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

    1.    Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily and preliminary enjoined and restrained from:

    a.    using Plaintiff's NYAN CAT Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution,

marketing, advertising, offering for sale, or sale of any product that is not a genuine NYAN CAT product or not authorized by Plaintiff to be sold in connection with Plaintiff's NYAN CAT Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a NYAN CAT product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's NYAN CAT Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. copying, displaying, distributing, reproducing and/or making derivative works of the NYAN CAT Works

e. further infringing Plaintiff's NYAN CAT Trademarks and Nyan Cat Works and damaging Plaintiff's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's NYAN CAT Trademarks and Nyan Cat Works or any reproductions, counterfeit copies or colorable imitations thereof.

2. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the ecommerce Internet stores operating under the Defendant Aliases, Online Marketplace Accounts or other aliases operated by

Defendants, including, without limitation, any online marketplace platforms, such as eBay, Amazon, Wish.com, and Dhgate, credit cards, banks, merchant account providers, and payment service providers, such as PayPal, (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, and including any and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendant Aliases and Online Marketplace Accounts and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective ecommerce Internet stores operating under the Defendant Aliases and Online Marketplace Accounts;

c. any of the Defendant Aliases and Online Marketplace Accounts;

d. any other Defendant Aliases and Online Marketplace Accounts registered by Defendants; and

e. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial

institutions, including, without limitation, PayPal, Inc. ("PayPal"), Wish.com, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including the Third Party Providers as defined in Paragraph 2, shall within five (5) business days after receipt of such notice:

   a. disable and cease providing services Defendants have used to engage in the sale of goods using the NYAN CAT Trademarks or Nyan Cat Works; and

   b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the NYAN CAT Trademarks or Nyan Cat Works .

4. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily and preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Any Third Party Providers, including, but not limited to, PayPal, Wish.com, and Amazon Pay, shall, within five (5) business days of receipt of this Order, for any Defendant or any of the Defendant Aliases and Online Marketplace Accounts:

   a. locate all accounts and funds connected to Defendants or the Defendant Aliases and Online Marketplace Accounts, including, but not limited to, any financial accounts connected to the information listed in Schedule A, the e-mail addresses identified in Exhibit 1 to the Declaration of Christopher Orlando Torres, and any e-mail addresses provided for Defendants by third parties; and

    b.    restrain and enjoin any such accounts or funds that are not U.S. based from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6.    Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction motion by electronically publishing relevant pleadings on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 1 to the Declaration of Christopher Orlando Torres or any e-mail addresses provided to Defendants by third parties that includes a link to said website. Defendants represented by counsel can be notified through counsel.

7.    The following may be unsealed: (1) Schedule A to the Complaint identifying Defendants [2]; (2) Exhibit 1 to the Declaration of Christopher Orlando Torres in support of *Ex Parte* Motion for Entry of a Temporary Restraining Order [14]; (3) Exhibit A to the Declaration of Matthew A. Werber in support of *Ex Parte* Motion for Entry of a Temporary Restraining Order [15]; and (4) the Court's Sealed Temporary Restraining Order [19].

8.    The Ten Thousand Dollars ($10,000.00), bond posted by Nyanify shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

9.    Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

Dated: 7/14/2021

                                                          Franklin U. Valderrama
                                                          United States District Judge